UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMENICO G. DIAZ,<br><br>                              Petitioner,<br><br>v.<br><br>DEAN BORDERS, Warden<br><br>                              Respondent. | Case No.:  20cv825-BAS-LL<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**[ECF No. 16]** |

This Report and Recommendation is submitted to United States District Judge Cynthia A. Bashant pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. Domenico G. Diaz is s state prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254. ECF No. 1 ("Petition" or "Pet."). Petitioner challenges his San Diego County Superior Court conviction for forcible lewd conduct with a child under the age of fourteen, kidnapping, making a criminal threat, kidnapping for rape, and assault with the intent to commit rape, for which he was sentenced to two consecutive life sentences with a minimum term of fifty-one years to life followed by a third consecutive life term with the possibility of parole. See id. at 1–2; ECF No. 17-1

///

(Lodgment No. 1) at 1–2; ECF No. 17-11 (Lodgment No. 11) at 1.[1] Petitioner claims the following grounds for relief: (1) ineffective assistance of counsel at trial, (2) "ineffective assistance of counsel at investigation," (3) admission of perjured testimony at trial, (4) admission of false testimony at trial, (5) judicial misconduct, (6) custodial interrogation in violation of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), (7) suppression of exculpatory evidence in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), (8) actual innocence, (9) admission of evidence in violation of <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), (10) insufficient evidence, (11) "false evidence to convict," and (12) "<u>Brady</u> violation by investigative agencies." Pet. at 12, 23–26. Respondent filed a Motion to Dismiss arguing that the Petition is untimely. ECF No. 16-1 ("Motion" or "Mot."). To date, Petitioner has not filed an opposition.[2] <u>See</u> Docket. Petitioner also did not file any requests for extensions of time.

For the reasons set forth below, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**.

**I.    PROCEDURAL HISTORY**

On October 21, 2004, in San Diego County Superior Court case number SCD173703, Petitioner was convicted by a jury of four counts of forcible lewd conduct with a child under the age of fourteen, two counts of kidnapping, one count of making a criminal threat, one count of kidnapping for rape, and one count of assault with the intent to commit rape. ECF No. 17-1 (Lodgment No. 1) at 1–2. On July 22, 2005, Petitioner was sentenced to two consecutive life sentences with a minimum term of fifty-one years to life followed by a third consecutive life term with the possibility of parole, and he was ordered to pay a restitution fine of $10,000. <u>See</u> <u>id.</u> at 1–3; ECF No. 17-11 (Lodgment No. 11)

---

[1] All citations are to the page numbers assigned by the Court's Electronic Case Filing System.

[2] Petitioner's opposition to the motion to dismiss was due on October 14, 2020. ECF No. 14.

at 1. On March 9, 2007, the California Court of Appeal affirmed the judgment in a reasoned opinion, rejecting on the merits Petitioner's claim that insufficient evidence supported his conviction for one of the counts of forcible lewd conduct with a child under the age of fourteen. ECF No. 17-5 (Lodgment No. 5). On May 16, 2007, the California Supreme Court denied Petitioner's petition for review without citation of authority. ECF No. 17-7 (Lodgment No. 7).

On approximately December 6, 2010, Petitioner constructively filed a petition for writ of habeas corpus for the first time in the California Court of Appeal, claiming that the order imposing the restitution fine must be stricken due to insufficient evidence of Petitioner's ability to pay.[3] ECF No. 17-10 (Lodgment No. 10). On January 10, 2011, the California Court of Appeal found the petition was procedurally barred as untimely and successive, and also stated that "[e]ven if we were to entertain the petition on the merits, Diaz still would not be entitled to relief." ECF No. 17-11 (Lodgment No. 11).

On September 21, 2015, Petitioner constructively filed a petition for writ of habeas corpus for the first time in San Diego County Superior Court, asking that his restitution fine be vacated or reduced to $200 pursuant to his ability to pay. See ECF No. 17-8 (Lodgment No. 8). On November 6, 2015, the Superior Court denied the petition in a reasoned opinion. ECF No. 17-9 (Lodgment No. 9).

On approximately November 29, 2015, Petitioner constructively filed a petition for writ of habeas corpus for the second time in the California Court of Appeal in case number

---

[3] "Under the mailbox rule, a prisoner's pro se habeas petition is 'deemed filed when he hands it over to prison authorities for mailing to the relevant court.'" Campbell v. Henry, 614 F.3d 1056, 1058–59 (9th Cir. 2010) (quoting Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001)); see also Houston v. Lack, 487 U.S. 266, 276 (1988). "The mailbox rule applies to federal and state petitions alike." Id. at 1059. The Court uses the approximate date of December 6, 2010 here because the proof of service declaration lists a different name than Petitioner's with a date of December 2, 2010. ECF No. 17-10 (Lodgment No. 10) at 16. However, Petitioner's signature on his petition and on the attestation of truth are both dated December 6, 2010. Id. at 15–16.

D069402, requesting that his restitution fine be vacated or reduced to $200 due to his inability to pay the full $10,000.[4] ECF No. 17-12 (Lodgment No. 12). The administrative record before the Court does not include the California Court of Appeal's order on this petition. However, in a January 24, 2018 order issued by the California Court of Appeal on Petitioner's third habeas petition in that court, the court stated that it had previously "summarily denied" Petitioner's petition in case number D069402 on December 17, 2015 in an unpublished order. ECF No. 17-17 (Lodgment No. 17). This Court also found the appropriate order dated December 17, 2015 in the online database for the California Court of Appeal's unpublished opinions and takes judicial notice of it. Final Disposition for In re Domenico Diaz on Habeas Corpus Case Number D069402, California Court of Appeal, Fourth Appellate District Division 1, unpublished opinions, https://www.courts.ca.gov/opinions-nonpub.htm (select "Case Information Search" hyperlink; select "Fourth Appellate District Div 1" and "search"; enter "D069402" and select "search by case number"; select "Disposition" hyperlink). In the December 17, 2015 order, the California Court of Appeal denied Petitioner's petition, finding that it was procedurally barred for the following reasons: (1) the petition was untimely; (2) "the challenge to the restitution fine could have been raised on appeal but was not"; and (3) "[t]he challenge was rejected in the prior petition for writ of habeas corpus that Diaz filed in this court." Id.

On November 8, 2017, Petitioner constructively filed a petition for writ of habeas corpus for the second time in San Diego County Superior Court, claiming the following grounds for relief: (1) ineffective assistance of counsel at trial, (2) "ineffective assistance of counsel at investigation," (3) admission of perjured testimony at trial, (4) admission of

---

[4] The Court uses the approximate date of November 29, 2015 here because the proof of service declaration is dated September 12, 2015, but Petitioner's signature on his petition is dated November 29, 2015. ECF No. 17-12 (Lodgment No. 12) at 6–7. The date of service must be in error because it logically must be served after the petition is signed.

false testimony at trial, (5) judicial misconduct, (6) custodial interrogation in violation of Miranda, (7) suppression of exculpatory evidence in violation of Brady, (8) actual innocence, (9) admission of evidence in violation of Crawford, (10) insufficient evidence, (11) "false evidence to convict," and (12) "Brady violation by investigative agencies." ECF No. 17-14 (Lodgment No. 14).[5] On December 18, 2017, the Superior Court denied the petition in a reasoned opinion. ECF No. 17-15 (Lodgment No. 15).

On January 16, 2018, Petitioner constructively filed a petition for writ of habeas corpus for the third time in the California Court of Appeal, claiming the following grounds for relief: (1) ineffective assistance of counsel at trial, (2) "ineffective assistance of counsel at investigation," (3) admission of perjured testimony at trial, (4) admission of false testimony at trial, (5) judicial misconduct, (6) custodial interrogation in violation of Miranda, (7) suppression of exculpatory evidence in violation of Brady, (8) actual innocence, (9) admission of evidence in violation of Crawford, (10) insufficient evidence, (11) "false evidence to convict," and (12) "Brady violation by investigative agencies." ECF No. 17-16 (Lodgment No. 16). On January 24, 2018, the California Court of Appeal found the petition was procedurally barred as (1) untimely because it was filed more than twelve years after Petitioner was sentenced with no explanation for the delay and (2) as successive, but also stated that "[e]ven if Diaz's petition were not procedurally barred, it would be denied." ECF No. 17-17 (Lodgment No. 17).

On April 3, 2018, Petitioner constructively filed a petition for writ of habeas corpus for the first time in the California Supreme Court, claiming the following grounds for relief: (1) ineffective assistance of counsel at trial, (2) "ineffective assistance of counsel at investigation," (3) admission of perjured testimony at trial, (4) admission of false testimony at trial, (5) judicial misconduct, (6) custodial interrogation in violation of Miranda, (7) suppression of exculpatory evidence in violation of Brady, (8) actual innocence,

---

[5] The Court notes that ECF No. 17-13 (Lodgment No. 13) and ECF No. 17-14 (Lodgment No. 14) are identical.

(9) admission of evidence in violation of Crawford, (10) insufficient evidence, (11) "false evidence to convict," and (12) "Brady violation by investigative agencies." ECF No. 17-18 (Lodgment No. 18). On December 12, 2018, the California Supreme Court denied the petition on several grounds including as untimely pursuant to In re Robbins, 18 Cal. 4th 770, 780 (1998). ECF No. 17-19 (Lodgment No. 19).

On April 24, 2019, Petitioner constructively filed a federal Petition in this Court, claiming the following grounds for relief: (1) ineffective assistance of counsel at trial, (2) "ineffective assistance of counsel at investigation," (3) admission of perjured testimony at trial, (4) admission of false testimony at trial, (5) judicial misconduct, (6) custodial interrogation in violation of Miranda, (7) suppression of exculpatory evidence in violation of Brady, (8) actual innocence, (9) admission of evidence in violation of Crawford, (10) insufficient evidence, (11) "false evidence to convict," and (12) "Brady violation by investigative agencies." Pet. On September 10, 2020, Respondent filed the instant Motion to Dismiss. Mot. Petitioner did not file an opposition. See Docket.

On September 30, 2019, Petitioner constructively filed a petition for writ of habeas corpus for the third time in San Diego County Superior Court, claiming the following grounds for relief: (1) "illegal sentence," (2) denial of due process, and (3) "misapplication of statute." ECF No. 17-20 (Lodgment No. 20). On November 21, 2019, the San Diego County Superior Court found the petition to be procedurally barred as untimely, but also denied it on the merits. ECF No. 17-21 (Lodgment No. 21). Additionally, the court found that Petitioner was also reasserting the same claims he raised in his second habeas petition to that court and deemed those procedurally barred as successive. Id. at 12.

II.   **STANDARD OF REVIEW**

Section 2254(a) of Title 28 of the United States Code sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in [sic] behalf of a person in custody pursuant to the judgment of a State court only on the ground that

he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Federal habeas corpus petitions filed after April 24, 1996, such as this one, are subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Hurles v. Ryan, 752 F.3d 768, 777 (9th Cir. 2014) (citing Lindh v. Murphy, 521 U.S. 320, 336 (1997)).

## III.   DISCUSSION

Respondent contends that the Petition should be dismissed as untimely because Petitioner did not file his Petition until April 24, 2019, almost eleven years after AEDPA's one-year statute of limitations expired. Mot. at 4–7. Respondent argues that Petitioner is not entitled to statutory tolling or equitable tolling, including through claims of actual innocence. Id. at 4–9. Respondent further contends that the Petition should also be denied because its claims are procedurally defaulted. Id. at 7.

### A.   AEDPA'S STATUTE OF LIMITATIONS

AEDPA imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d). Section 2244(d)'s one-year limitations period applies to all habeas petitions filed by persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

When a habeas petitioner seeks discretionary review by the state's highest court but does not file a petition with the United States Supreme Court, the judgment becomes final when the prisoner's time to petition the Supreme Court expires. Gonzalez v. Thaler, 565 U.S. 134, 149–50 (2012); Zepeda v. Walker, 581 F.3d 1013, 1016 (9th Cir. 2009). United States Supreme Court Rule 13 provides that a petition for certiorari must be filed within ninety days of the entry of an order denying discretionary review by the state court of last resort. See U.S. Sup. Ct. R. 13; Bowen v. Roe, 188 F.3d 1157, 1158–59 (9th Cir. 1999) (limitations period does not begin until after expiration of ninety-day period for seeking certiorari from the United States Supreme Court).

Here, the Court finds that Petitioner filed his Petition after the AEDPA one-year statute of limitations had expired. The California Supreme Court denied Petitioner's petition for review on May 16, 2007. ECF No. 17-7 (Lodgment No. 7). Because Petitioner did not file a petition with the United States Supreme Court, the judgment became final ninety days later, on August 14, 2007. See Zepeda v. Walker, 581 F.3d at 1016. Petitioner has not alleged any facts or claims in his Petition to suggest the application of 28 U.S.C. § 2244(d)(1)(B), (C), or (D). Therefore, the statute of limitations began to run on August 15, 2007 and expired one year later on August 14, 2008. See 28 U.S.C. § 2244(d)(1); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (holding that Federal Rule of Civil Procedure 6(a) governs the calculation of AEDPA's tolling provisions). The instant Petition was constructively filed on April 24, 2019, a little more than ten years and eight months after the limitations period expired. See Pet. at 53. As a result, the Petition is untimely unless Petitioner can establish that he is entitled to sufficient statutory or equitable tolling of the limitations period. See Ramirez v. Yates, 571 F.3d 993, 997–99 (9th Cir. 2009).

///

## B. STATUTORY TOLLING

The one-year statute of limitations for filing a federal habeas petition pursuant to AEDPA is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for state post-conviction review is considered "pending" during the interval between the lower state court's adverse decision and the prisoner's filing of a notice of appeal in the higher state court, provided that the filing of that notice is timely under state law. Carey v. Saffold, 536 U.S. 214, 222–25 (2002). In California, where habeas decisions are not appealed but may be filed originally in each court, "pending" includes a reasonable time, such as thirty to sixty days, between a decision and a subsequent filing in the higher state court. See Evans v. Chavis, 546 U.S. 189, 192–93 (2006); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010).

However, the statute of limitations is not tolled "from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), implicitly overruled on other grounds as recognized by Nedds v. Calderon, 678 F.3d 777, 781 (9th Cir. 2012). Additionally, the statute of limitations is not tolled after state habeas proceedings are final and before federal habeas proceedings are initiated. Roy v. Lampert, 465 F.3d 964, 968 (9th Cir. 2006).

A habeas petition that is untimely under state law is not "properly filed" for the purpose of statutory tolling. Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005), amended, 439 F.3d 993 (9th Cir. 2006); see also Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (quoting Carey v. Saffold, 536 U.S. at 226)). As such, the time before or during the state court's consideration of an untimely petition is not statutorily tolled pursuant to AEDPA. Curiel v. Miller, 830 F.3d 864, 868 (9th Cir. 2016) (citing Evans v. Chavis, 546 U.S. at 197).

///

Here, Petitioner's untimely state habeas petitions do not warrant statutory tolling. As discussed above, judgment in Petitioner's case became final on August 14, 2007. Petitioner constructively filed his first petition for writ of habeas corpus in the California Court of Appeal on approximately December 6, 2010. ECF No. 17-10 (Lodgment No. 10) at 15–16. Because there was no case "pending" before the first post-conviction state habeas petition was filed, the time between August 14, 2007 and December 6, 2010—approximately three years and three months— is not subject to statutory tolling.[6] See Nino v. Galaza, 183 F.3d at 1006. The California Court of Appeal then denied the petition, finding it was procedurally barred as untimely and successive in an order issued on January 10, 2011. ECF No. 17-11 (Lodgment No. 11) at 1. The untimely petition was therefore not "properly filed" and the time between December 6, 2010 and January 10, 2011 was not eligible for statutory tolling. See Curiel v. Miller, 830 F.3d at 868; Bonner v. Carey, 425 F.3d at 1149.

Petitioner's next state habeas petition was constructively filed on September 21, 2015 in San Diego Superior Court and denied on November 6, 2015. ECF Nos. 17-8 (Lodgment No. 8); 17-9 (Lodgment No. 9). The filing delay of more than four and a half years between the decision by the California Court of Appeal on January 10, 2011 and this next filing was unreasonable and not properly "pending" such that it would qualify for statutory tolling. See Carey v. Saffold, 536 U.S. at 225 (noting that if the delay between filings is unreasonable, then the petition is no longer "pending" for statutory tolling purposes). Petitioner stated that the delay was due to "being a layman of law, inexperienced in law and lack of education." ECF No. 17-8 (Lodgment No. 8) at 8. This Court finds that Petitioner's reason for the delay is not adequate to excuse a late filing of almost five years. See Noble v. Adams, 676 F.3d 1180, 1184 (9th Cir. 2012) (finding that a delay of up to

---

[6] The Court notes that because of the substantial delay of approximately three years and three months, even if Petitioner is entitled to statutory tolling from the day that he constructively filed his first habeas petition in state court until the day that the California Supreme Court denied his sixth state habeas petition, it would not be enough to make his federal habeas petition timely, unless sufficient equitable tolling applied.

several months may be within the range of reasonableness if the explanation for the delay is adequate under California law). Although the San Diego Superior Court did not deny the petition for untimeliness, this Court finds that the lengthy delay makes the petition untimely. See Evans v. Chavis, 546 U.S at 193 (holding that federal courts must undertake the task of determining when a review application in California state court comes too late). Thus, the time between the adverse decision on January 10, 2011 and the adverse decision on November 6, 2015 is not statutorily tolled. See Curiel v. Miller, 830 F.3d at 868.

Petitioner's third state habeas petition was constructively filed on approximately November 29, 2015 in the California Court of Appeal and denied on December 17, 2015 for several reasons, including as untimely. ECF No. 17-12 (Lodgment No. 12). Because the filing was deemed untimely, the time between the adverse decision on November 6, 2015 and the adverse decision on December 17, 2015 is not statutorily tolled. See Curiel v. Miller, 830 F.3d at 868.

Petitioner's fourth state habeas petition was constructively filed in San Diego County Superior Court on November 8, 2017 and denied on December 18, 2017. ECF Nos. 17-14 (Lodgment No. 14); 17-15 (Lodgment No. 15). The unexplained delay of almost two years between the decision by the California Court of Appeal and this next filing was unreasonable and not properly "pending" such that it would qualify for statutory tolling. See Evans v. Chavis, 546 U.S. at 201 (holding that an unjustified and unexplained six-month filing delay is presumptively unreasonable). Although the San Diego Superior Court did not deny the petition for untimeliness, this Court finds that the unreasonable delay makes the petition untimely. See id. at 193 (holding that federal courts must undertake the task of determining when a review application in California state court comes too late). Thus, the time between the adverse decision on December 17, 2015 and the adverse decision on December 18, 2017 is not statutorily tolled. See Curiel v. Miller, 830 F.3d at 868.

/ / /

/ / /

Petitioner's fifth state habeas petition was constructively filed in the California Court of Appeal on January 16, 2018 and denied on January 24, 2018 for several reasons, including as untimely. ECF Nos. 17-16 (Lodgment No. 16); 17-17 (Lodgment No. 17). Because of the untimely filing, the time between the adverse decision on December 18, 2017 and the adverse decision on January 24, 2018 is not statutorily tolled. See Curiel v. Miller, 830 F.3d at 868.

Petitioner's sixth state habeas petition was constructively filed in the California Supreme Court on April 3, 2018 and denied on several grounds—including as untimely—on December 12, 2018. ECF Nos. 17-18 (Lodgment No. 18); 17-19 (Lodgment No. 19). Because of the untimely filing, the time between the adverse decision on January 24, 2018 and the adverse decision on December 12, 2018 is not statutorily tolled. See Curiel v. Miller, 830 F.3d at 868.

Petitioner's instant federal habeas Petition was constructively filed on April 24, 2019. Pet. The time between the adverse state decision on December 12, 2018 and the filing of the federal Petition on April 24, 2019—almost four and a half months—is not statutorily tolled. See Roy v. Lampert, 465 F.3d at 968. Finally, the subsequent constructive filing of Petitioner's seventh state habeas petition in San Diego County Superior Court on September 30, 2019, which was denied for several reasons on November 21, 2019, including as untimely, does not warrant any statutory tolling. See Curiel v. Miller, 830 F.3d at 868; see also Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that state habeas petitions filed after the one-year AEDPA statute of limitations has expired do not revive the statute of limitations and have no tolling effect).

For the reasons stated above, the Court finds that Petitioner's federal habeas Petition, filed over ten years past the expiration of the statute of limitations, is not subject to any statutory tolling. The Petition will be deemed untimely unless Petitioner can establish sufficient equitable tolling. See Ramirez v. Yates, 571 F.3d at 997–99.

///
///

## C. EQUITABLE TOLLING

The United States Supreme Court has held that AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. at 418). The petitioner seeking equitable tolling bears the burden of showing it applies to him. Pace v. DiGuglielmo, 544 U.S. at 418. The bar is set high to effectuate "AEDPA's 'statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" See Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003), as amended on denial of reh'g (June 20, 2003) (citing Carey v. Saffold, 536 U.S. at 226). Whether equitable tolling is warranted depends on a fact-specific inquiry. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (citation omitted).

"The diligence required for equitable tolling purposes is 'reasonable diligence' . . . not 'maximum feasible diligence.'" Holland v. Florida, 560 U.S at 653 (citations omitted). "The purpose of requiring a habeas petitioner to show diligence is to verify that it was the extraordinary circumstance, as opposed to some act of the petitioner's own doing, which caused the failure to timely file." Doe v. Busby, 661 F.3d 1001, 1012–13 (9th Cir. 2011).

The Ninth Circuit has held that "a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits." Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011). In Schlup v. Delo, 513 U.S. 298 (1995), the Supreme Court explained that to be credible, a habeas petitioner claiming actual innocence must support his allegations with new reliable evidence that was not presented at trial. Id. at 324. To qualify as an actual innocence exception to the limitations period in order to prevent a miscarriage of justice, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light

of the new evidence." Id. at 327; McQuiggin v. Perkins, 569 U.S. 383, 394–95 (2013); Lee v. Lampert, 653 F.3d at 937 (holding "that where an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the *Schlup* gateway and have his constitutional claims heard on the merits").

The Court finds that Petitioner has failed to meet his burden of showing that he is entitled to equitable tolling. Petitioner has not filed an opposition to the Motion. His Petition, filed more than ten years after the statute of limitations expired, also offers no explanation for the delayed filing. The Petition includes recitations of general legal principles regarding equitable tolling. Pet. at 33, 42, 44. It also includes recitations of general legal principles regarding the actual innocence exception to untimely filed habeas corpus petitions. Pet. at 32–44. However, Petitioner offers no explanation of his diligence or extraordinary circumstance beyond his control that caused any of his late habeas petition filings. Petitioner also fails to offer new reliable evidence that was not presented at trial to support his claim of actual innocence. Therefore, the Court finds that equitable tolling is not warranted. See Pace v. DiGuglielmo, 544 U.S. at 418; Heath v. Allison, No. 17cv2226-BAS(RBB), 2018 WL 4282630, at *9 (S.D. Cal. Sept. 6, 2018), report and recommendation adopted, No. 17-CV-2226-BAS-RBB, 2018 WL 4871175 (S.D. Cal. Oct. 9, 2018) (finding that petitioner was not entitled to equitable tolling where he did not oppose respondent's motion to dismiss and did not allege any facts in his petition for writ of habeas corpus explaining his delayed filing, nor presented new credible evidence that he is actually innocent).

Petitioner's habeas Petition, filed more than ten years and eight months after the statute of limitations expired, is untimely under AEDPA and neither statutory tolling nor equitable tolling apply. And because there is no apparent miscarriage of justice, the untimely Petition should be dismissed.

/ / /

/ / /

### D. PROCEDURAL DEFAULT

Respondent contends that all claims in the Petition are not only untimely, but also procedurally defaulted because the state appellate and supreme courts denied Petitioner's habeas petitions that raised similar claims as those raised in the instant Petition "first and foremost as untimely, pursuant to *In re Sanders*, 21 Cal. 4th at 703, *In re Swain*, 34 Cal.2d at 302, *In re Reno*, 55 Cal. 4th at 460 (*see* Lod. 17), and *In re Robbins*, 18 Cal. 4th at 780 (*see* Lod. 19)." Mot. at 7.

A federal court is barred from reviewing the merits of a state prisoner's habeas claims if the last state court rendering judgment clearly and expressly declined to address the claims because the prisoner had failed to meet an independent and adequate state procedural rule. Maples v. Thomas, 565 U.S. 266, 280 (2012) (citing Walker v. Martin, 562 U.S. 307, 316 (2011)); Vansickel v. White, 166 F.3d 953, 957 (9th Cir. 1999) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991), holding modified by Martinez v. Ryan, 566 U.S. 1 (2012)).

A federal court cannot find procedural default bars its review of a habeas claim when an ambiguous state order addressing multiple claims failed to specify which procedural rule applied to which claims. Washington v. Cambra, 208 F.3d 832, 834 (9th Cir. 2000). "*[I]f it is unclear* whether the state court dismissed the petition because of a state law procedural default or on the merits of the petitioner's federal constitutional claims, a federal court may review the merits of the claims presented." Loveland v. Hatcher, 231 F.3d 640, 643 (9th Cir. 2000) (emphasis in original); Siripongs v. Calderon, 35 F.3d 1308, 1317 (9th Cir. 1994), as amended on denial of reh'g and reh'g en banc (Oct. 13, 1994) ("Thus, unless the state court makes clear that it is resting its decision denying relief on an independent and adequate state ground, it is presumed that the state denial was based at least in part upon federal grounds, and the petitioner may seek relief in federal court."). However, federal habeas review is barred if the state court clearly relied independently on the procedural bar for its decision, even if it also alternatively denied the claims on the merits. See Loveland v. Hatcher, 231 F.3d at 643.

The procedural default bar will be lifted if the prisoner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. at 750.

Here, the California Supreme Court denied Petitioner's habeas petition—which raises the same twelve grounds for relief as in the federal habeas Petition—with citations to In re Robbins, In re Swain, In re Waltreus, In re Dixon, and In re Lindley. ECF No. 17-19 (Lodgment No. 19). The California Supreme Court issued a summary denial as follows:

> "The petition for writ of habeas corpus is denied. (See In re Robbins (1998) 18 Cal. 4th 770, 780 [courts will not entertain habeas corpus claims that are untimely]; In re Swain (1949) 34 Cal.2d 300, 304 [a petition for writ of habeas corpus must allege sufficient facts with particularity].) Individual claims are denied, as applicable. (See In re Waltreus (1965) 62 Cal.2d 218, 225 [courts will not entertain habeas corpus claims that were rejected on appeal]; In re Dixon (1953) 41 Cal.2d 756, 759 [courts will not entertain habeas corpus claims that could have been, but were not, raised on appeal]; In re Lindley (1947) 29 Cal.2d 709, 723 [courts will not entertain habeas corpus claims that attack the sufficiency of the evidence].)

Id. The state court citation to In re Robbins means that the petition was rejected as untimely. See Walker v. Martin, 562 U.S. at 312. In re Swain states the following on the pincite page: "We are entitled to and we do require of a convicted defendant that he allege with particularity the facts upon which he would have a final judgment overturned and that he fully disclose his reasons for delaying in the presentation of those facts." Ex parte Swain, 34 Cal. 2d 300, 304 (1949). The Ninth Circuit recognizes the In re Swain citation as the "untimeliness" bar. Washington v. Cambra, 208 F.3d at 833. As such, the untimeliness citations of In re Robbins and In re Swain are independent state grounds adequate to bar habeas corpus relief in federal court. See Walker v. Martin, 562 U.S. at 310–11. However, citations to In re Dixon and In re Waltreus are not bars to federal review. See Washington v. Cambra, 208 F.3d at 834 ("[T]he *Dixon* rule is not independent of federal law and does not preclude federal habeas review where the petitioner asserts the denial of a federal

constitutional right.); Calderon v. U.S. Dist. Court for E. Dist. of California, 96 F.3d 1126, 1131 (9th Cir. 1996) (finding a Waltreus denial is not a ruling on the merits nor a procedural default and so does not bar federal review). Finally, a citation to In re Lindley is an independent and adequate state procedural bar to federal habeas review. Carter v. Giurbino, 385 F.3d 1194, 1198 (9th Cir. 2004).

The order appears ambiguous because the California Supreme Court did not state which citation applied to which claim. Any claims that were denied due to In re Dixon and In re Waltreus would not be procedurally defaulted. Although the timeliness citations are a valid procedural default bar, it is unclear if the state court intended the timeliness part of the decision to encompass all of the claims in a separate independent finding or jointly with its other reasons. See Loveland v. Hatcher, 231 F.3d at 643; Calderon v. U.S. Dist. Court for E. Dist. of California, 96 F.3d at 1131. Because the California Supreme Court's order is ambiguous, Petitioner's claims are not procedurally defaulted. See Calderon v. U.S. Dist. Court for E. Dist. of California, 96 F.3d at 1131; Mendiola v. Woodford, No. 09cv1442 MMA(AJB), 2009 WL 10657650, at *3 (S.D. Cal. Sept. 25, 2009), report and recommendation adopted, No. 09CV1442-MMA(AJB), 2010 WL 11469815 (S.D. Cal. Mar. 29, 2010), aff'd sub nom. Mendiola v. Hedgpeth, 511 F. App'x 630 (9th Cir. 2013).

## IV. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that the district judge issue an order (1) approving and adopting this Report and Recommendation, (2) finding that the Petition is not timely, and (3) directing that Respondent's Motion to Dismiss be **GRANTED WITH PREJUDICE**.

**IT IS ORDERED** that on or before **February 4, 2021** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties on or before **February 18, 2021**. The parties are advised

1  that failure to file objections within the specified time may waive the right to raise those
2  objections on appeal of the Court's order.  See <u>Turner v. Duncan</u>, 158 F.3d 449, 455
3  (9th Cir. 1998).

4  **IT IS SO ORDERED**.

5  Dated:  January 4, 2021

_____
Honorable Linda Lopez
United States Magistrate Judge